```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                                    Case No. 08-cr-107-01-PB

Marcus Cherry


**O R D E R**

The defendant, Marcus Cherry, moved for a sentence reduction based upon the cocaine base ("crack cocaine") amendment to the Federal Sentencing Guidelines implementing the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010) ("Fair Sentencing Act") (document no. 46). The defendant also moved for court appointed counsel to pursue a sentence reduction on his behalf (document no. 47). Both motions were denied without prejudice pending the proposed amendment taking effect on November 1, 2011 (document no. 48). Subsequently the court issued a briefing schedule, which was extended twice on the request of the defendant. While the final deadline for submitting a brief was April 6, 2012, neither party filed a brief on this issue. For the reasons stated below, the motions to reduce sentence and to appoint counsel are DENIED.

On August 3, 2010, Congress enacted the 2010 Fair Sentencing Act to restore fairness to crack cocaine sentences. Specifically, the Fair Sentencing Act increased the threshold quantity of crack cocaine for certain base offense levels listed in the Drug Quantity Table in §2D1.1, eliminated the mandatory minimum sentence for simple possession of crack cocaine, and directed the United States Sentencing Commission ("Commission") to review and amend the sentencing guidelines to account for specified aggravating and mitigating circumstances in certain drug cases.

Pursuant to the directive in the 2010 Fair Sentencing Act, the Commission promulgated a temporary, emergency amendment implementing the Act effective November 1, 2010. *See* United States Sentencing Commission, *Supplement to the 2010 Guidelines Manual* (Nov. 1, 2010). On April 6, 2011, the Commission re-promulgated as permanent the temporary, emergency amendment and, pursuant to 28 U.S.C. §994(p), submitted Amendment 750 for congressional review on April 28, 2011.

On June 30, 2011, the Commission voted to add Parts A and C of Amendment 750 to §1B1.10(c), which identifies those amendments to the Federal Sentencing Guidelines that may be considered for retroactive application pursuant to 28 U.S.C. §994(u). Part A amended the Drug Quantity Table in §2D1.1 for crack cocaine

offenses and made related revisions to Application Note 10 to §2D1.1.  Part C deleted the cross reference in §2D2.1(b) under which an offender who possessed more than five (5) grams of crack cocaine was sentenced under §2D1.1.  On November 1, 2011, the amendment to §1B1.10 took effect, at which time reductions in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of Parts A and C of Amendment 750 were authorized.

Having reviewed the offense of conviction, the sentence imposed, and the pertinent record, it is clear that the defendant is not eligible to seek a reduced sentence under the retroactively applicable amendment.

On December 7, 2009, the defendant pled guilty to a two (2) count Indictment charging him with the Distribution of Cocaine Base in violation of 21 U.S.C. § 841 (a).  At sentencing, the defendant was deemed to be a career offender and, as a result, the court found his total offense level was 31 and the advisory guideline range was 188 to 235 months.  The defendant received a downward departure for substantial assistance and was sentenced to 88 months imprisonment on each count, to be served concurrently, and four (4) years of supervised release.

On this record, the defendant is plainly not entitled to a sentence reduction based on a retroactive application of the 2010 Fair Sentencing Act amendment (Amendments 750, Parts A and C).

Under the 2010 Fair Sentencing Act the career offender guideline still sets the applicable Guideline Sentencing Range in the defendant's case.  The retroactive guideline amendment did not lower that range — it was 188 to 235 months when defendant was sentenced and it remains at 188 to 235 months now — and the defendant's prior substantial assistance does not alter this conclusion.  Thus, because "the guideline range applicable to . . . defendant" has not been "lowered as a result of an amendment to the Guidelines Manual listed in subsection (c)," U.S.S.G. § 1B1.10(a)(1), defendant is not entitled to sentence relief.

For the foregoing reasons, defendant's motion to reduce sentence (document no. 46) and motion for the appointment of counsel (document no. 47) are DENIED.

**SO ORDERED.**


Date: May 10, 2012              /s/ Paul J. Barbadoro
                                Paul J. Barbadoro
                                United States District Judge


cc:   Marcus Cherry, pro se
      Counsel of Record